[Crim. No. 8015. Second Dist., Div. Two. May 16, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. KELETHUS LEE WASHINGTON, Defendant and Appellant.

Kelethus Lee Washington, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—Defendant was convicted of: (a) three counts of robbery (Pen. Code, § 211); (b) one count of violating section 288a, Penal Code; and (c) one count of forcible rape (Pen. Code, § 261, subd. 3). He has appealed from the judgment.

The *modus operandi* of the three robberies was substantially the same. In each instance defendant made a date with

a woman, drove her to an isolated place, produced a weapon placing her in great fear and took her money. Each of the victims testified to the circumstances of the robbery in detail. Defendant denies the testimony of the complaining witnesses. The trial judge resolved the conflicts in the testimony against the defendant.

Viewing the evidence, as we must on appeal, in the light most favorable to the successful party in the trial court (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]), it is clear there was sufficient evidence to sustain the defendant's conviction of all three robbery charges. Defendant points to some inconsistencies in the testimony of certain of the victims. These were matters for the trial court to resolve. He emphasizes that one of the victims did not report the robbery for quite some time. However, she gave an explanation for the delay which apparently satisfied the trial court.

 One of the victims testified that after robbing her, defendant forced her at the point of a knife and while she was in great fear of bodily harm therefrom to engage in an act in violation of section 288a, Penal Code, and then, while still in such fear, forced her to have sexual intercourse with him. Consent induced by fear is no consent at all. (*People* v. *Hinton,* 166 Cal.App.2d 743, 749 [333 P.2d 822].) Also, one who "participates in an act of sex perversion because of threats and is in fear of great bodily harm is not an accomplice and such victim's testimony need not be corroborated." (*People* v. *Bias,* 170 Cal.App.2d 502 [339 P.2d 204].) Whether one is an accomplice is a question of fact. (*People* v. *Willis,* 129 Cal.App.2d 330, 334 [276 P.2d 853].)

Implicit in the court's implied findings in the instant case is the fact that he gave credence to the testimony of the victim and did not believe the testimony of the defendant. It therefore follows that the victim was not an accomplice and her testimony did not need corroboration. (*People* v. *Bias, supra.*) The testimony of the victim having been accepted by the trial court as true, it follows that the evidence as to each of these two counts is also ample to sustain defendant's conviction.

We find no merit whatever in this appeal.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.